```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
CHARLES A. LAWSON,            :
                              :
        Petitioner,           :   Civ. No. 21-3125 (NLH)
                              :
    v.                        :   OPINION
                              :
                              :
                              :
WARDEN,                       :
CUMBERLAND COUNTY JAIL,       :
                              :
        Respondent.           :
_____:
```

APPEARANCE:

Charles A. Lawson
48710
Cumberland County Department of Corrections
54 West Broad Street
Bridgeton, NJ 08302

   Petitioner Pro se

HILLMAN, District Judge

   Petitioner Charles A. Lawson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.

Filing Fee

   The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks

to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.[1]  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  L. Civ. R. 81.2(c).

    Here, Petitioner did not submit an in forma pauperis application or pay the $5.00 filing fee. The Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[2]  An appropriate Order will be entered.

```
Dated: December 9, 2021            s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.
```

---

[1] Although there has been some confusion in the past, the Court understands that the current Warden, Eugene Caldwell, is the designated prison official responsible for certifying prisoner account statements.

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).