UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
CHARLES A. LAWSON,              :
                                :
        Petitioner,            :          Civ. No. 21-3125 (NLH)
                                :
    v.                          :
                                :
                                :
WARDEN,                         :
CUMBERLAND COUNTY JAIL,         :
                                :
        Respondent.            :
_____:
                                :
CHARLES A. LAWSON,              :
                                :
        Petitioner,            :          Civ. No. 22-1324 (NLH)
                                :
    v.                          :
                                :          OPINION
                                :
                                :
WARDEN EUGENE CALDWELL,         :
                                :
        Respondent.            :
_____:

APPEARANCES:

Charles A. Lawson
48710
Cumberland County Jail
54 West Broad St
Bridgeton, NJ 08302

        Petitioner pro se


Jennifer Webb-McRae, Cumberland County Prosecutor
Kaila L. Diodati, Assistant Prosecutor
Cumberland County Prosecutor's Office
115 Vine Street
Bridgeton, NJ 08302

        Attorneys for Respondent

HILLMAN, District Judge

    Petitioner Charles Lawson, a pretrial detainee in the
Cumberland County Jail, filed two petitions for writ of habeas
corpus under 28 U.S.C. § 2241 in this Court: Lawson v. Warden,
Cumberland County, No. 21-3125 (D.N.J. filed Feb. 22, 2021) and
Lawson v. Caldwell, No. 22-1324 (D.N.J. filed Mar. 10, 2022).
The Court ordered answers from Cumberland County in both matters
as the face of the petitions suggested Petitioner was
challenging two different state court orders.  No. 21-3152 (ECF
No. 11); No. 22-1324 (ECF No. 3).  See 28 U.S.C. § 2254 Rule
2(e) (requiring separate petitions for each challenged judgment)
(made applicable through Rule 1(b)).

    The Cumberland County Prosecutor's Office filed a letter on
behalf of Respondent.  No. 22-1324 (ECF No. 4).  According to
Respondent, "Indictment 19-10-000952-I, upon which this Petition
[No. 22-1324] is based, and Case CUM-19-000674, upon which the
other Petition [No. 21-3125] is based, are case numbers
referring to the same criminal charges."  Id.  In the interests
conserving resources for both the parties and the Court, the
Court will dismiss Civil Action 21-3125 as moot.

    District courts have jurisdiction under § 2241 to issue a
writ of habeas corpus before a criminal judgment is entered
against an individual in state court in limited circumstances.
See Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975).

Section 2241 states in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody under or by color of the authority of the United States or ... [h]e is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). A Cumberland County grand jury indicted Petitioner on October 2, 2019 in Indictment 19-10-000952-I, which superseded Complaint CUM-19-000674 as the basis for Petitioner's detention. No. 22-1324 (ECF No. 4-1). If this Court has jurisdiction under § 2241, it would be for Petitioner's challenge to the indictment because he is currently "in custody" under the Indictment.

The Court will dismiss Petitioner's challenge to Complaint CUM-19-000674, Civil Action 21-3125, as moot. Respondent shall file its response to Civil Action 22-1324 as directed in the Court's March 16, 2022 Order, ECF No. 3.

An appropriate Order will be entered.


Dated: March 18, 2022                    s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

3